

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 1 0 2012

CLERK, U.S. DISTRICT COURT
by_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY DALE WALKER,                    §
                                      §
              Petitioner,             §
                                      §
v.                                    §        No. 4:11-CV-776-A
                                      §
RICK THALER, Director,                §
Texas Department of Criminal          §
Justice, Correctional                 §
Institutions Division,                §
                                      §
              Respondent.             §

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Billy Dale Walker, a state prisoner currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

### I.  Factual and Procedural History

In April 2011 petitioner was indicted in Tarrant County, Texas, for theft of property of less than $1500.  (State Habeas

R. at 61[1])   The indictment also included allegations that petitioner had been twice previously convicted of a grade of theft, raising the offense to a state jail felony, and twice previously convicted of two sequential felony offenses, burglary of a building in 1994 and injury to a child in 1984, increasing the punishment for the offense to that of a second degree felony. (*Id.* at 50, 64) On July 15, 2011, pursuant to a plea agreement, petitioner pleaded guilty to the charged offense and true to the enhancement paragraphs, and the trial court assessed his punishment at two years' confinement.  (*Id.* at 63-68)   Petitioner did not appeal his conviction or sentence.   (Pet. at 3)

Petitioner filed a state application for writ of habeas corpus raising one or more of the issues presented herein, which the Texas Court of Criminal Appeals denied without written order on the findings of the trial court.  (State Habeas R. at cover) Petitioner filed this federal petition for habeas relief in the Abilene Division of United States District Court for the Northern District of Texas, and it was subsequently tranferred to this division.

---

[1]"State Habeas R." refers to the state court record of petitioner's relevant state habeas application in WR-40,828-13.

## II.   Issues

Generally, petitioner raises seven grounds for habeas relief, in which he challenges the legality of his enhanced sentence (grounds one through four and six), the effectiveness of his trial counsel's representation, (ground five), and the voluntariness of his guilty plea (ground seven).  (Pet. at 7-8, 10(A)-10(C))

## III.   Rule 5 Statement

Respondent believes that petitioner has sufficiently exhausted available state remedies as to the claims presented and that the petition is neither time-barred nor subject to the successive-petition bar.  (Resp't Answer at 3)

## IV.   Discussion

### *Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in

3

light of the evidence presented in the state court.   28 U.S.C. §
2254(d).   A decision is contrary to clearly established federal
law if the state court arrives at a conclusion opposite to that
reached by the Supreme Court of the United States on a question
of law or if the state court decides a case differently than the
Supreme Court has on a set of materially indistinguishable facts.
*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v.
Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532
U.S. 1039 (2001).   A state court decision will be an unreasonable
application of clearly established federal law if it correctly
identifies the applicable rule but applies it unreasonably to the
facts of the case.   *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state
court's factual findings.   *Hill*, 210 F.3d at 485.   Section
2254(e)(1) provides that a determination of a factual issue made
by a state court shall be presumed to be correct.   The applicant
has the burden of rebutting the presumption of correctness by
clear and convincing evidence.   28 U.S.C. § 2254(e)(1).   When the
Texas Court of Criminal Appeals denies relief in a state habeas
corpus application without written order, it is an adjudication
on the merits, which is entitled to this presumption.   *Ex parte
Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

4

### *Illegal Sentence*

Petitioner claims that he was sentenced under the wrong punishment provisions for the underlying theft offense, a state jail felony, which was illegally enhanced to the range of second degree felony.  He claims he was initially charged with a Class C misdemeanor theft offense, enhanced to a Class B misdemeanor based on his two prior theft convictions.  (Pet'r Mem. at 1-2, 12)  He claims that because he refused to plead guilty to six years' confinement to an unrelated drug offense, the state later enhanced the Class B to a state jail felony, punishable as a second degree felony.  (*Id.* at 1-2)

According to petitioner, application of the habitual provisions was prohibited because he did not go to trial, his 1994 burglary conviction is a theft offense and cannot be used to further enhance the instant offense "past a state jail felony," the two prior felony convictions are not convictions that can be used for enchantment under Texas Penal Code § 12.35, (entitled "State Jail Felony Punishment"), his sentence should have been suspended under Texas Code of Criminal Procedure article 42.12(d), the intent of the state legislature "was for unaggravated state jail felonies to remain state jail felonies," the 1984 injury to a child conviction was not a first degree

5

felony and cannot be used to "activate" § 12.35, and the 1984

conviction is void because there was no indictment for the

charge.  (*Id.* at 3-5)

The state habeas court entered the following relevant

findings of fact on the issue:

4.    Applicant was indicted for theft of "less than
      $1500" enhanced by two prior convictions of theft.

5.    The indictment alleged two prior sequential felony
      convictions:  a second degree felony offense of
      burglary of a building in 1994 and injury to a
      child in 1984 where the 1984 conviction was final
      before the commission of the 1994 conviction.

6.    Applicant presents no evidence or authority to
      support his claim that burglary of a building
      could not be used to enhance his punishment
      because it is a "theft" offense.

7     Applicant presents no authority or evidence to
      support his claim that the injury to a child
      conviction could not be used to enhance his
      offense because it was not a first degree felony.

8.    Applicant presents no evidence or authority to
      support his claim that he was not indicted for the
      injury to a child offense.

9.    Applicant presents no evidence, or allegation,
      that he did not waive his right to an indictment
      in the injury to a child case.

10.   Applicant presents no evidence, or allegation,
      that he was not charged by a valid information.

11.   Applicant has not alleged facts that, if true,
      would provide him relief regarding his "lack of
      indictment" claims.

6

(State Habeas R. at 50-51) (citations to the record omitted)

Based on its findings, the state court records, and
applicable state law, the state court concluded–

3. Theft under $1500 with two prior theft convictions is a state jail felony.

4. State jail felony third-offender thefts may be enhanced under the habitual offender statute.

5. Applicant has failed to prove that his state jail felony could not be enhanced.

6. "If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction defendant shall be punished for a second-degree felony."

7. The indictment properly alleged a second degree felony enhancement because it alleged two prior sequential felonies.

8. Burglary is not a theft offense for purposes of the theft-by-repetition statute.

9. Applicant's state jail felony theft was properly enhanced by his prior burglary of the building conviction because it was not a theft conviction.

10. To be used for enhancement purposes, the statute only required that the convictions be felonies other than state jail felonies and that they be sequential.

11. It was not required that the injury to a child be aggravated or a first degree felony.

7

12.  Applicant has failed to prove that his theft
     conviction could not be enhanced by the injury to
     a child prior conviction.

13   In order to prevail, the applicant must present
     facts that, if true, would entitle him to the
     relief requested.

14.  "[A]n 'Information' is a written statement filed
     and presented in behalf of the State by the
     district or county attorney."

15.  "[I]t is well settled that a valid indictment, *or
     information if indictment is waived,* is essential
     to the district court's jurisdiction in a criminal
     case . . . ."

16.  Because Applicant fails to allege that there was
     not a valid information or a valid waiver of
     indictment vesting the trial court with
     jurisdiction in his 1984 conviction, Applicant has
     failed to allege facts that, if true, would
     entitle him to relief.

17.  Applicant has failed to prove that the 1984
     conviction was void.

18.  Applicant has failed to prove that he was
     sentenced under the wrong punishment provisions.

(State Habeas R. at 53-54) (citations omitted)

   The Texas Court of Criminal Appeals denied relief on the

habeas court's findings.  This court must accord the state habeas

court's findings a presumption of correctness pursuant to §

2254(e)(1), and petitioner has failed to rebut this presumption

by clear and convincing evidence.  Having reviewed the record, it

appears the range of punishment for petitioner's state jail

felony was properly elevated to second-degree felony status under former § 12.42(a)(2) of the penal code.

Under Texas law, theft of property valued at $500 or more but less than $1,500 is typically a Class A misdemeanor. Tex. Penal Code Ann. § 31.03(e)(3) (Vernon Supp. 2010). But theft is a state jail felony when the value of the property is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft. *Id.* § 31.03(e)(4)(D). And, as noted by the state court, at the time of petitioner's offense, section 12.42(a)(2) of the penal code provided, "If it is shown on the trial of a state jail felony . . . that the defendant has previously been finally convicted of two felonies, . . . on conviction the defendant shall be punished for a second-degree felony."[2] Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 1, 1995 Tex. Gen. Laws 2734, 2735, *amended by* Act of May 25, 2011, 82nd Leg., R.S., ch. 834, § 2, 2011 Tex. Gen. Laws 2104, 2104; *Campbell v. State*, 49 S.W.3d 874, 875 (Tex. Crim. App. 2001). The punishment for a second-degree felony is two to twenty years' confinement. Tex. Pen. Code Ann. § 12.33(a) (Vernon Supp. 2010).

The indictment in petitioner's case included two enhancement

_____

[2]Section 12.42(a)(2) was amended effective September 1, 2011. The provision is now found in § 12.425 of the penal code.

paragraphs alleging two sequential non-state jail felonies.
Therefore, once petitioner pleaded guilty to the offense and true
to the allegations in the enhancement paragraphs true, petitioner
was subject to being punished for a second-degree felony.

Furthermore, claims based solely on state law are generally
not cognizable in a § 2254 proceeding.  A state prisoner seeking
federal review pursuant to § 2254 must assert a violation of a
federal constitutional right. *Lawrence v. Lensing*, 42 F.3d 255,
258 (5th Cir.1994).  Federal habeas corpus relief will not issue
to correct errors of state constitutional, statutory, or
procedural law, unless a federal issue is also presented.
*Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).
Whether an offense has been properly enhanced is generally a
matter of state law.  *Rubio v. Estelle*, 689 F.2d 533, 536 (5th
Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971);
*Ware v. Dretke*, No. 3:02-CV-2151-N, 2005 WL 701035, at *2 (N.D.
Tex. Mar. 23, 2005), *adopted*, 2005 WL 1025964 (N.D. Tex. Apr. 28,
2005) (not designated for publication).  Petitioner, relying
solely on state law, fails to demonstrate how the enhancements
implicate a federal constitutional violation.  He generally
asserts that he was denied access to the courts and that the
enhancements deny him due process and equal protection, however,

he fails to articulate and develop a federal constitutional claim.  (Pet'r Mem. at 2-7; Pet'r Objection at 2-6)  Thus, the claim is not cognizable on federal habeas corpus review.

### *Ineffective Assistance of Counsel*

Petitioner claims he received ineffective assistance of trial counsel because counsel was not familiar with the relevant statutes pertaining to the enhancements, failed to investigate the validity of a prior void conviction, and failed to file pretrial motions.  (Pet. at 10(A))

A criminal defendant has a constitutional right to the effective assistance of counsel at trial.  U.S. CONST. amend. VI. To prevail on an ineffective assistance claim in the context of a guilty plea, a defendant must demonstrate that his plea was rendered involuntary by showing that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984).  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Strickland*,

11

466 U.S. at 688.

The state habeas court entered the following relevant findings on the issue:

12. Applicant presents no evidence to support his claim that counsel failed to investigate his case.

13. Applicant presents no evidence to support his claim that counsel was unaware of the relevant law.

14. Applicant was indicted for theft of "less than $1500" enhanced by two prior convictions for theft.

15  The indictment alleged two prior sequential felony convictions:  a second degree felony offense of burglary of a building in 1994 and injury to a child in 1984 where the 1984 conviction was final before the commission of the 1994 conviction.

16. Applicant presents no evidence or authority to support his claim that burglary of a building could not be used to enhance his punishment because it is a "theft" offense.

17. Applicant presents no authority or evidence to support his claim that the injury to a child conviction could not be used to enhance his offense because it was not a first degree felony.

18. Applicant presents no evidence or authority to support his claim that he was not indicted for the injury to a child case.

19. Applicant presents no evidence, or allegation, that he was not charged by a valid information.

20. Applicant presents no evidence, or allegation, that he was not charged by a valid information.

12

21. There is no evidence that counsel did not investigate.

22. There is no evidence that counsel was unaware of the applicable law.

(State Habeas R. at 50-51)

Based on its findings, and applying the *Strickland* standard, the state court concluded:

33. Because the enhancement paragraph was proper, Applicant has failed to prove that counsel failed to properly investigate the case.

34. Because the enhancement was proper, Applicant has failed to prove that counsel failed to properly know the relevant law.

35. Trial counsel did not file a motion to quash the indictment because the enhancement paragraph was proper.

36. Applicant has failed to show that counsel should have filed a motion to quash the indictment.

37. Because there is a plausible basis in strategy for counsel not filing a motion to quash the indictment, a full inquiry into the strategy or tactics of counsel is not needed.

38. Applicant has failed to prove that his attorney's representation fell below an objective standard of reasonableness.

39. A party fails to carry his burden to prove ineffective assistance of counsel where the probability of a different result absent the alleged deficient conduct sufficient to undermine confidence in the outcome is not established.

40. Applicant has failed to show that there is a reasonable probability that the outcome of the

13

proceeding would have been different had counsel
done more investigation.

41.   Applicant has failed to show that there is a
      reasonable probability that the outcome of the
      proceeding would have been different had counsel
      done more legal research.

42.   Applicant has failed to show that there is a
      reasonable probability that the outcome of the
      proceeding would have been different had counsel
      filed a motion to quash the indictment.

43.   Applicant has failed to show that there is a
      reasonable probability that, but for the alleged
      acts of misconduct, the result of the trial
      proceedings would have been different.

44.   Applicant received effective assistance of trial
      counsel.

(*Id.* at 55-56) (citations omitted)

The Texas Court of Criminal Appeals denied relief on the
habeas court's findings.  This court must accord the state habeas
court's findings a presumption of correctness, and petitioner has
failed to rebut this presumption by clear and convincing
evidence.  Nor has petitioner presented legal argument or
evidence in this federal habeas action that could lead the court
to conclude that the state courts unreasonably applied the
standards set forth in *Strickland* based on the evidence presented
in state court.  28 U.S.C. § 2254(d).  Conclusory allegations in
support of a claim of ineffective assistance of counsel are

14

insufficient to meet *Strickland* standards.  *Green v. Johnson*, 160
F.3d 1029, 1042 (5th Cir. 1998).

Furthermore, a voluntary guilty plea waives all
nonjurisdictional defects that occurred prior to the plea,
including claims of ineffective assistance of counsel that do not
attack the voluntariness of the guilty plea.  *Bradbury v.
Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981).  Thus, to the
extent petitioner complains that counsel failed to familiarize
himself with the law of the case, investigate the prior felonies
used to enhance petitioner's sentence, and file pretrial motions,
matters unrelated to the voluntariness of his plea, the claims
are nonjurisdictional and are waived by the plea.  *United States
v. Broce*, 488 U.S. 563, 573-74 (1989).

### *Voluntariness of Petitioner's Plea*

Petitioner claims his guilty plea and/or plea of true to the
enhancement paragraphs in the indictment was unknowing and
involuntary because he still does not know the full consequences
of his pleas and because his attorney failed to explain the "laws
in relationship to the facts in [his] case" and advised him that
he would receive more time if he did not take the plea bargain.
(Pet. at 10(C))

A guilty plea is voluntary, knowing, and intelligent if done

15

with sufficient awareness of the relevant circumstances and likely consequences surrounding the plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by the court, prosecutor, or his own counsel that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)).

The state habeas court entered the following relevant findings on the issue:

23. Applicant presents no evidence to support his claim that he was not properly advised regarding the consequences of his plea.

24. Applicant was admonished in writing in accordance with art. 26.13 [of the Texas Code of Criminal Procedure].

25. Applicant acknowledged by his signature that he understood the admonishments and was "aware of the consequences of his plea."

26. Applicant acknowledged by his signature that he

16

was mentally competent and [h]is plea was
"knowingly, freely, and voluntarily entered."

27.   Applicant acknowledged by his signature that "[n]o
one ha[d] threatened, coerced, forced, persuaded
or promised [him] anything in exchange for [his]
plea."

28.   Applicant acknowledged by his signature that he
was "totally satisfied with the representation
given to [him] by [his] attorney.

(Sate Habeas R. at 52) (citations to the record omitted)

Based on its findings, the state court concluded:

46.   There is a presumption of regularity with respect
to guilty pleas under Texas Code of Criminal
Procedure art. 1.15.

47.   Before accepting a guilty plea, the court must
admonish the defendant as to the consequences of
his plea, including determining whether the plea
is freely, voluntarily, and knowingly given.

48.   Applicant was properly admonished in accordance
with Tex. Code Crim. Proc. Art. 26.13.

49.   When a defendant complains that his plea was not
voluntary due to ineffective assistance of
counsel, "'the voluntariness of the plea depends
on (1) whether counsel's advice was within the
range of competence demanded of attorneys in
criminal cases and if not, (2) whether there is a
reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would
have insisted on going to trial."

50.   Because Applicant's offense was properly enhanced,
Applicant has failed to prove that his counsel's
advice fell below "the range of competence
demanded of attorneys in criminal cases."

17

51. Because Applicant's punishment was properly
    enhanced, Applicant has failed to prove his
    counsel's advice fell below "the range of
    competence demanded of attorney in criminal
    cases."

52. Applicant has failed to prove that his plea was
    not voluntary due to ineffective assistance of
    counsel.

53. Applicant has failed to overcome the presumption
    that his plea was regular.

54. Applicant has failed to prove that his plea was
    not freely, knowingly, and voluntarily made.

(*Id.* at 56-57) (citations omitted)

The Texas Court of Criminal Appeals denied relief on the

habeas court's findings.  This court must accord the state habeas

court's findings a presumption of correctness, and petitioner has

failed to rebut this presumption by clear and convincing

evidence.  Nor has petitioner shown that the state courts'

adjudication of the issue is contrary to, or involved an

unreasonable application of, clearly established federal law or

resulted in a decision that was based on an unreasonable

determination of the facts in light of the evidence presented in

the state court.  Nothing in the documentary record suggests that

petitioner's pleas were in any way induced by misunderstanding,

coercion, or misrepresentation on the part of trial counsel or

that counsel's advice was erroneous or unreasonable, given the

fact that had petitioner gone to trial he would have been subject to a prison term of up to the statutory maximum of twenty years. (State Habeas R. at 63-67)  Petitioner's claims after the fact, in and of themselves, are insufficient to rebut the presumption that he received effective assistance of counsel, the presumption his pleas were knowing and voluntary, and the presumption of regularity of the state court records.  *See United States v. Oliver*, 630 F.3d 397, 414 (5th Cir.), *cert. denied,* 132 S. Ct. 758 (2011); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding state court records "are entitled to a presumption of regularity"); *Babb v. Johnson*, 61 F. Supp. 2d 604, 607 (S.D. Tex. 1999) (same).

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a

constitutional right.

      SIGNED February _____, 2012.

 

                                          JOHN MCBRYDE
                                          UNITED STATES DISTRICT JUDGE